UNITED STATES v. McGETTRICK (two cases).

(Circuit Court, D. Vermont. July 12, 1905.)

Nos. 1,600, 1,601.

CUSTOMS DUTIES—CLASSIFICATION—OATMEAL FEED—OAT HULLS.

Held, that a by-product in the manufacture of oatmeal, which consists merely of the broken hulls of the oats, and is known as "oatmeal feed," is dutiable as "oat hulls," under paragraph 231, Schedule G, § 1, c. 11, Tariff Act July 24, 1897, 30 Stat. 169 [U. S. Comp. St. 1901, p. 1649].

On Application for Review of a Decision of the Board of United States General Appraisers.

For decision below, see G. A. 5,656, T. D. 25,235, which reversed the assessment of duty by the collector of customs at the port of Burlington on importations by P. McGettrick.

James L. Martin, U. S. Atty.

WHEELER, District Judge. These importations are of what is invoiced as oatmeal feed classified by the collector as oat hulls, under paragraph 231 of the act of July 24, 1897, c. 11, § 1, Schedule G, 30 Stat. 169 [U. S. Comp. St. 1901, p. 1649], which reads:

"Oatmeal and rolled oats, one cent per pound; oat hulls ten cents per hundred pounds."

On protest they were classified as nonenumerated manufactured articles, not otherwise provided for, under section 6, 30 Stat. 205 [U. S. Comp. St. 1901, p. 1693].

An affidavit in behalf of the importers, and the finding thereon by the Board of General Appraisers, show that:

"The said oatmeal feed is purely a by-product of oats, and is obtained from the hulling, dusting, and cleaning of oats which are used in the manufacture of oatmeal. The method of obtaining said oatmeal feed is briefly this: The oats are passed through special machinery arranged for cleaning and hulling them before they are put in the crusher to make oatmeal. Consequently the said oatmeal feed corresponds to the bran and shorts which are obtained from the milling of wheat, being a by-product of an oatmeal mill, as wheat bran and wheat shorts are a by-product of flour mills."

This by-product appears therefrom to be merely the broken hulls. The provision is not, and could not be intended to be, for whole hulls. They would necessarily be broken by any possible process of removal. It seems to fall exactly within the description of this paragraph. The analogy to bran and shorts fails when it is noticed that there is no such provision for wheat hulls as this is for oat hulls, and that such by-products of wheat are left by the act to go to the general provisions. The classification of the collector seems, therefore, to have been right.

Decision of board reversed, and that of collector affirmed.