### TOWER & SONS *v.* UNITED STATES (No. 2066).[1]

OAT HULLS, GROUND, PARAGRAPH 192, TARIFF ACT OF 1913—NONENUMERATED MANUFACTURES, PARAGRAPH 385.

United States Court of Customs Appeals, February 4, 1921.

APPEAL from Board of United States General Appraisers, Abstract 43851.

[Reversed.]

Before SMITH, BARBER, DE VRIES, and MARTIN, Judges, January 20, 1921.

---

### TOWER & SONS ET AL. *v.* UNITED STATES (No. 2071).[2]

OAT HULLS, GROUND, PARAGRAPH 192, TARIFF ACT OF 1913—NONENUMERATED MANUFACTURES, PARAGRAPH 385.

In the manufacture of oatmeal, rolled oats, and Quaker oats, the principal products are made from the oat kernels or groats, the coarse outer envelope or hull being ground off as a by-product, as little as possible of the kernels or groats being taken off with the hulls. This by-product is classifiable eo nomine as oat hulls, under paragraph 192, tariff act of 1913, not as nonenumerated manufactured articles under paragraph 385.

---

[1] T. D. 38619 (40 Treas. Dec., 73).    [2] T. D. 38620 (40 Treas. Dec., 74).

United States Court of Customs Appeals, February 4, 1921.

APPEAL from Board of United States General Appraisers, Abstract 43851.

[Reversed.]

*Curie, Lane & Maxwell* (Thomas M. Lane of counsel) for appellants.
*Bert Hanson*, Assistant Attorney General, for the United States.

[Oral argument Jan. 18, 1921, by Mr. Lane and Mr. Hanson.]

Before SMITH, BARBER, DE VRIES, and MARTIN, Judges.

SMITH, Judge, delivered the opinion of the court:

The importation was classified as a nonenumerated manufactured article, and assessed for duty at 15 per cent ad valorem under that part of paragraph 385 of the tariff act of 1913, which reads as follows:

385. That there shall be levied, collected, and paid on the importation of all  *  *  *  articles manufactured, in whole or in part, not provided for in this section, a duty of 15 per centum ad valorem.

The importers protested that the commodity was "oat hulls," and that it was therefore dutiable at 8 cents per hundred pounds, as provided by paragraph 192 of the tariff act of 1913, which reads as follows:

192. Oats, 6 cents per bushel of thirty-two pounds; oatmeal and rolled oats, 30 cents per one hundred pounds; *oat hulls*, 8 cents per one hundred pounds.

The Board of General Appraisers overruled the protest and the importers appealed.

The evidence is uncontradicted that the merchandise is a by-product which results from the milling of oats in the manufacture of oatmeal, rolled oats, and Quaker oats, which principal products are made out of oat groats or kernels. To obtain the groats or kernels the coarse outer envelope or hull in which they are inclosed is ground off into more or less fine particles. The removal of the hull necessarily involves the removal of a small portion of the groat or kernel and the amount of groat or kernel so removed depends on the dryness of the grain and the efficiency of the milling. If the milling is defective or the seed is not well dried a better by-product may be secured, but as that is to the disadvantage of the principal material, it is needless to say that such a result is not the objective of the manufacturer, and that he grinds off with the hull as little groat or kernel as possible. The term "oat hulls" aptly and appropriately describes the by-product, and it would be so identified by people in general. If, however, that were not the common ordinary designation of the article, the evidence is full, complete, and uncontradicted that while the manufacturer frequently gives his particular product a proprietary name to distinguish it from that of others, husks of oats produced as above stated, were when the present tariff act was enacted and for many years prior thereto, generally and uniformly known to the trade of the country as "oat hulls."

Indeed, as early as March, 1899, the Treasury Department itself definitely recognized that husks of oats, whether ground or unground, were "oat hulls" and required collectors to assess duty thereon at the rate of 10 cents per 100 pounds, under the eo nomine provision for "oat hulls" in paragraph 231 of the act of 1897 (T. D. 20858).

It is true that in June, 1899, the Board of General Appraisers declined to sustain the ruling of the department and held that the finely pulverized "refuse," resulting from the manufacture of oat products and consisting of "oat flour," "oat middlings," "oat bran," "oat hulls," and "oat dust" ground together, was dutiable as a non-enumerated manufactured article (T. D. 21262). About the year 1904, however, the collectors again classified as "oat hulls" ground oat husks mixed with oat dust, particles of meal, and other by-products, resulting from the manufacture of cereals; and the board again ruling that the commodity was dutiable as a nonenumerated manufactured article (T. D. 25235), an appeal was taken by the Government to the circuit court, which reversed the board and sustained the collectors' classification.—United States *v.* McGettrick (139 Fed., 304). The decision in that case was to the effect that the importation was a by-product consisting merely of broken hulls and was within the designation of "oat hulls," inasmuch as they could not be removed from the seed and brought to the condition of oat hulls without breaking them. The decision in the McGettrick case was followed by the board in T. D. 26836, and until the year 1919 it was the settled administrative practice to classify merchandise such as that under consideration as "oat hulls." On the 8th of April, 1919, the Treasury Department reversed itself, and for the first time in the history of the provision for "oat hulls," which theretofore had been twice reenacted, collectors were instructed to assess all "ground oat hulls" as a nonenumerated manufactured article—a classification which apparently under the act of 1913 carried a higher duty than that previously imposed on "oat hulls."—(T. D. 37966.) The department revoked that ruling within six months after it was made, however (T. D. 38150), and directed the collectors to classify both ground and unground oat hulls as "oat hulls." The revocation of T. D. 37966 must be regarded as a frank admission that the position taken by the department on the 8th of April, 1919, was untenable, and that the administrative practice which was discontinued on that date should not have been interrupted.

From the foregoing facts we conclude first, that it was the administrative practice from March, 1899, to April, 1919, and is now the practice, to classify merchandise such as that in question as "oat hulls;" second, that the provision for "oat hulls" having been twice reenacted after receiving a final judicial interpretation, which included both ground and unground oat hulls, that interpretation must be held to have been approved by Congress; third, that irrespective of

its proprietary designation, the by-product produced by manufacturing processes that are necessary for the stripping of the husk from the groat or kernel of oats, is within the common ordinary meaning of the term "oat hulls," and that whether ground or unground it is generally and uniformly so known to the trade.

As the importation is "oat hulls" and as "oat hulls" are provided for eo nomine by paragraph 192 of the act of 1913, they are dutiable as provided by that provision, and not as a nonenumerated manufactured article as found by the board.

The decision of the Board of General Appraisers is *reversed*.